IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AMBER HALLING,<br><br>Defendant. | CR 05-106-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Amber Halling (Halling) has been accused of violating the conditions of her supervised release. Halling admitted alleged violations 1, 2, 3 and 5. Halling denied alleged violation 4. The Court dismissed alleged violation 4 on the government's motion. Halling's supervised release should be revoked. Halling should be placed in custody for 4 months, with a lifetime of supervised release to follow. Halling's supervised release conditions should be amended to include the additional conditions set forth below.

## II. Status

Halling pleaded guilty to two counts of Sexual Exploitation of Children on February 16, 2006. (Doc. 105). The Court sentenced Halling to 260 months of

custody, followed by a lifetime of supervised release. (Doc. 135). Halling's current term of supervised release began on January 17, 2024. (Doc. 227 at 1).

**Petition**

The United States Probation Office filed a Petition on March 8, 2024, requesting that the Court revoke Halling's supervised release. (Doc. 227). The Petition alleged that Halling had violated the conditions of her supervised release: 1) by using an internet capable cell phone that was not approved by her probation officer; 2) by possessing a camera phone that was not approved by her probation officer; 3) by knowingly associating with a person convicted of a felony; 4) by failing to provide truthful answers to questions asked by her probation officer; and 5) by failing to complete her sex offender treatment program.

**Initial appearance**

Halling appeared before United States Magistrate Judge Timothy J. Cavan for her initial appearance on March 19, 2024. Halling was represented by counsel. Halling stated that he had read the petition and that he understood the allegations. Halling waived her right to a preliminary hearing.

**Revocation hearing**

The Court conducted a revocation hearing on March 26, 2024. The parties consented to proceed with the revocation hearing before the undersigned. Halling

2

admitted that she had violated the conditions of her supervised release: 1) by using an internet capable cell phone that was not approved by her probation officer; 2) by possessing a camera phone that was not approved by her probation officer; 3) by knowingly associating with a person convicted of a felony; and 4) by failing to complete her sex offender treatment program. The violations that Halling admitted are serious and warrant revocation of Halling's supervised release.

Halling's violations are Grade C violations. Halling's criminal history category is II. Halling's underlying offenses are Class C felonies. Halling could be incarcerated for up to 24 months. Halling could be ordered to remain on supervised release for up to life. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III. Analysis

Halling's supervised release should be revoked. Halling should be placed in custody for 4 months, with a lifetime of supervised release to follow. This sentence is sufficient but not greater than necessary. Halling's supervised release conditions should be amended to include the additional conditions set forth below.

### IV. Conclusion

The Court informed Halling that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed

Halling of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Halling that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Amber Halling violated the conditions of her supervised release: by using an internet capable cell phone that was not approved by her probation officer; by possessing a camera phone that was not approved by her probation officer; by knowingly associating with a person convicted of a felony; and by failing to complete her sex offender treatment program.

The Court **RECOMMENDS:**

> That the District Court revoke Halling's supervised release and commit Halling to the custody of the United States Bureau of Prisons for 4 months, with a lifetime of supervised release to follow. Halling's supervised release conditions should be amended to include the following additional conditions:
>
> 1. Halling may own or possess only one internet-capable device as approved by her probation officer that has the ability to access sexually explicit materials. If that device is not a phone, Halling may also possess one mobile phone that has no online capability or camera. Halling must obtain the approval of her probation officer prior to using any device. Halling must not own, possess, or use any additional devices without the prior written approval of her probation officer. Halling's approved devices must be capable of being monitored and compatible with monitoring hardware, software or other technology approved by her probation officer. Halling must allow her probation officer to make unannounced examinations of all devices, hardware, and software, which may include retrieval and copying of all data from her internet-capable device.

>Halling must allow her probation officer to install software to restrict or monitor her device's access. Halling must pay part or all of the costs of this monitoring as directed by her probation officer.
>
>Halling must not use any internet-capable device to access sexually explicit materials as defined in these conditions and must not contact minors or gather information about a minor.
>
>Halling must not possess encryption or stegangraphy software. Halling must provide records of all passwords, Internet service and user identifications (both past and present) to her probation officer and immediately report changes. Immediately means within 6 hours. Halling must sign releases to allow her probation officer to access phone, wireless, Internet, and utility records.

2. Halling must not possess camera phones or electronic devices that could be used for covert photography without the prior written approval of her probation officer.

3. Halling must submit to not more than six polygraph examinations per year as directed by her probation officer to assist in treatment, planning, and case monitoring. Halling shall maintain her Fifth Amendment rights during polygraph examinations and may refuse to answer any incriminating questions. Halling must pay part or all of the costs of these examinations as directed by her probation officer.

4. Halling must participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. Halling must pay part or all of the costs of testing as directed by her probation officer.

5. Halling must participate in and successfully complete an

      outpatient program of substance abuse treatment as approved by her probation officer. Halling must remain in the program until she is released by her probation officer in consultation with the treatment provider. Halling must pay part or all of the costs of this treatment as directed by her probation officer.

6. Halling must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medical purposes under state law.

7. Halling must not possess, ingest, or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering her mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom, and/or synthetic stimulants such as bath salts and spice.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 27th day of March, 2024.

/s/ John Johnston
John Johnston
United States Magistrate Judge